CHARLES J. SCHUCK, Judge.
The claimant, Elma Shepherd of Huntington, West Virginia was heretofore an employee of the Cabell county council of the department of public assistance and was so employed for a long period prior to the 27th day of June, 1943. She was known as a “visitor” and had accumulated 15 and 9/12 points based on seniority and service ratings. On the first day of July, 1943, seemingly with no reason assigned therefor, she was dismissed from the said service and on the 31st day of October, 1943, she was formally notified of her dismissal with the following charges preferred to wit:
“Inefficiency, does not cooperate with other workers of the department; unsatisfactory in attitude toward clients.”
*31 Subsequently, claimant appealed said dismissal to the merit system council of the state of West Virginia and the charges preferred as aforesaid not having been substantiated she was on the first day of March, 1944, reinstated and has been since said time performing her duties as a "visitor” for the Cabell county council of the department of public assistance. She presents her claim in the amount of $1020.00 less a credit of $95.00 in the nature of vacation pay, claiming a net amount of $925.00 for her illegal dismissal during the period from July 1, 1943, to March 1, 1944; six months of said period being calculated at the rate of $120.00 per month and two months at the rate of $130.00, and $40.00 for four months increase in salary at $10.00 per month involving the period from March 1, 1944, to July 1, 1944. So far as the salary claimed is concerned, the amount thereof, if due and payable, seems to be correct.
In performing her services as such “visitor” claimant was governed by the rules and regulations of the West Virginia merit system by virtue of which certain ratings are given based upon the efficiency of the employee, term of service and other qualifications fixed and defined by the department having charge of the said public assistance department. The employees in the said department are practically under civil service and while governed and controlled by certain regulations and requirements, are likewise protected in their employment and cannot be dismissed after a certain time without just cause.
By reason of the reduction in the appropriation for public assistance in the year 1943, it became necessary for the agency in charge to reduce its staff. The West Virginia merit system rule provides for a special way of reducing a force where it is necessary because of lack of funds. The rule provides that reduction of the force shall be made on the basis of the formula promulgated by the merit system supervisor and which takes into consideration the service ratings and seniority so far as employment by the agency is concerned. Such formula was submitted to the council or agency of Cabell county; was fully *32 agreed to and the “layoff” or reduction of employees was to be made by all the dependent agencies in accordance with the rule so promulgated. The department of public assistance at the time the emergency arose sent to the different county agencies in the state the formula showing how the different county forces were to be reduced and listed as well the names of the persons who were eligible and how many should be retained in each county together with the stipulation that the persons at the top of the list were to be retained and indicating the number of said persons so to be retained.
In the case of Cabell county where claimant was employed, there were eighteen names submitted to the agency of that county, together with the instructions that the first seven persons so named were to be retained. Claimant was among the first seven and according to the instructions given from the department at Charleston ought to have been retained. However, the local agency of Cabell county seemingly refused to comply with the formula as promulgated by the state department and shortly thereafter following a conference with the state agency officials preferred charges against claimant alleging inefficiency, failure to cooperate and unsatisfactory attitude toward clients. From this dismissal so made, claimant appealed to the state agency at Charleston and after a hearing, was fully vindicated and the appeal upheld by the state council. The agency of Cabell county in changing the “layoff” to. dismissal acknowledged that it had improperly and irregularly dismissed claimant from her employment. Claimant was fully reinstated and has continued to work in the department since that time. She was “laid off” from July 1, 1943, to March 1, 1944, or a period of eight months, during which time she received no compensation so far as the record reveals.
In view of the nature of the employment in which claimant was engaged, the rules and regulations governing her employment, the fact that she was virtually under civil service and could only be dismissed for just cause; and the further fact that the actions of the local agency of Cabell county in dismissing *33 claimant being wholly unwarranted and improper impels us to conclude that if the rules and regulations as promulgated by the state department mean anything at all, then claimant is entitled to her salary for the period during which she was laid off by reason of the improper and illegal action of the Cabell county agency.
The particular state agency involved is one of great importance to the welfare of the state, taking care of citizens who by reason of old age, physical incapaciy or ailments, or for other reasons, are entitled to help and assistance from the state. The very nature of the work required of employees in this department makes special fitness so far as ability and personality are concerned the very essentials necessary to successfully carry on the work of the department; and it seems to us that the establishment of the merit system which in effect in this particular department means civil service, would bring about a higher and greater degree of efficiency and. ability in the discharge of the duties and obligations of the employees of that department. It was therefore, right and proper that employees in the department known as "visitors” should be protected and continued so long as their services were satisfactory and beneficial, not only to the department and the state, but to clients as well. The department of Cabell county having acted without authority or justification and the claimant not having been guilty of inefficiency or any lack of cooperation as alleged by that agency, is under the rules and regulations of the West Virginia merit system as promulgated, entitled to her salary. We therefore, make an award to the claimant in the sum of nine hundred and twenty-five dollars ($925.00) and recommend that it be paid accordingly.